Jueces concurrentes, Sres. Presidente, Quiñones y Asociados Hernández, Figueras y MacLeary.

---

## EL PUEBLO v. IGLESIAS ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 5.—Resuelto en Mayo 8, 1903.

MISDEMEANOR.—APELACIÓN.—Cuando un delito castigable con pena de presidio, apareja también la de multa ó cárcel, á discreción del Tribunal, si se dictare sentencia imponiendo una pena *que no fuera de presidio*, dicho delito habrá de considerarse *misdemeanor* para todos los efectos, después de dictada dicha sentencia, y, por consiguiente, tal sentencia no es apelable para ante el Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado del apelante : *Sr. Ramos* (Juan R.)

Abogado del apelado: *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. SULZBACHER, emitió la siguiente opinión del Tribunal.

Juan Bautista Iglesias y Juan Díaz Orto fueron acusados ante el Tribunal del Distrito de San Juan por delito contra el derecho electoral. De los autos presentados ante este Tribunal se desprende que los dichos acusados, como Jueces de elección en el precinto 49 de Trujillo Alto, ya instalados en su cargo el dia 4 de Noviembre de 1902, ilegal y fraudulentamente y á sabiendas obstaculizaron la votación, nò dando principio el acto á su tiempo, á pretexto de que no apa-

No. 5.—Decided May 8, 1903.

recieran las llaves de las urnas, originando esto un retraso de dos horas, al extremo que tal votación no empezó hasta las doce del dia; y una vez empezada, impidieron ilegal y voluntariamente el voto á algunos de los electores, haciéndoles presentar juramentos que después rechazaban, para exigirles los presentaran por segunda vez, bajo otra forma, para lo que tenían que salir del local, de lo que resultó que no se emitieron en dicho precinto muchos votos. Los acusados fueron debidamente juzgados por dicho Tribunal de Distrito y condenados á trescientos sesenta dollars de multa cada uno y á privación de derechos civiles y de capacidad para ejercer cargo público, retribuido ó nó, durante tres años. De esta sentencia los acusados apelan á este Tribunal. La acusación fué formulada con arreglo á la sección 161a. del Código Penal, el cual califica el crimen cometido como "felony". Según el artículo 345 del Código de Enjuiciamiento Criminal, la ley concede apelación de una sentencia por "felony"; pero respecto á este asunto debemos también tomar en consideración la sección 14 del Código Penal, que dispone: "Cuando un delito castigable con pena de presidio apareja también la de multa, ó cárcel, á discreción del Tribunal se considerará "misdemeanor" para todos los efectos después de dictada sentencia imponiendo una pena que no fuere de presidio." Los acusados fueron condenados á una multa de 370 dollars solamente; por lo tanto, con arreglo á dicho artículo 14 del Código Penal, el delito cometido debe considerarse como "misdemeanor", del cual no hay apelación á la Corte Suprema. Debe desestimarse por lo tanto el recurso interpuesto por los acusados y confirmarse la sentencia de la Corte de Distrito de San Juan.

*Confirmada.*

Jueces concurrentes, Sres. Presidente Quiñones y Asociados, Hernández, Figueras, y MacLeary.